# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MAURICE ANTHONY JOHNSON,   *

   Plaintiff   *

v.   *   CIVIL NO. JKB-17-1731

TEAMSTERS LOCAL UNION #570,   *

   Defendant.   *

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Maurice Anthony Johnson filed this action against Defendant Teamsters Local Union #570 on June 23, 2017 in this Court, alleging a violation of a Collective Bargaining Agreement by his former employer MTC Logistics, and a claim for breach of the duty of fair representation by Defendant. (Compl. III, ECF No. 1). Defendant brings this Motion to Dismiss (ECF No. 6), asking the Court to dismiss Plaintiff's complaint on the ground that it is barred by the applicable statute of limitations. Plaintiff has replied (ECF No. 9), the issue is fully briefed, and there is no need for a hearing in this matter. *See* Local Rule 105.6 (D. Md. 2016). Defendant's motion will be granted by accompanying order.

### I. *Standard of Review*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere

possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

As this is a motion to dismiss, the Court must look to the facts as alleged in Plaintiff's Complaint. Plaintiff's Complaint is, however, rather threadbare, and does not contain any information with regard to the dates on which the alleged actions occurred. This alone may be enough to dismiss the Plaintiff's Complaint. *See Bassoff v. Treanor, Pope, & Hughes P.A.*, Civ. No. RDB-14-3753, 2015 WL 8757651 at *4, *6 (D. Md. Dec. 15, 2015) ("A plaintiff fails to state a claim where the allegations on the face of the complaint show that an affirmative defense would bar recovery," (citing *Jones v. Bock*, 549 U.S. 199, 214-215 (2007) and by failing to allege any dates in connection to the allegations against the Defendant, Plaintiff's Complaint "clearly establishes the merit of Defendant's limitations defense").

Based on Plaintiff's Reply to Defendant's Motion to Dismiss (ECF No. 9), however, it appears that both parties generally agree on the relevant timeline. Therefore, the Court here will look beyond the Plaintiff's failure to state a necessary component of his claim (i.e. the time when the actions occurred) and will consider the dates provided by the Plaintiff in his Reply, as well as the uncontested dates set forth in the Affidavit of Defendant's Secretary-Treasurer (attached as Exhibit 1 to Defendant's Motion to Dismiss, ECF No. 6-2), for the purpose of determining whether Plaintiff's claim violates the statute of limitations.

**II.** *Facts*

Plaintiff was discharged by his employer MTC Logistics in March of 2014. (Mot. Dismiss Mem. Supp. 2, ECF No. 6-1; Pl.'s Reply Mot. Dismiss 1, ECF No. 9) (referring to

termination letter "dated Wednesday March 12, 2014.").) Plaintiff's termination was in violation of a Collective Bargaining Agreement ("CBA"). (Compl. III) Plaintiff sought help from Defendant Local Union #570, but Defendant failed to provide the representation that Plaintiff needed. (*Id.*) Specifically, the Defendant "allowed" MTC Logistics to terminate Plaintiff in violation of the CBA, engaged in "bias[ed] representation" during the grievance process, and "did not follow the guidelines of the [CBA]." (*Id.*) Plaintiff became aware that Defendant was engaged in this behavior and unfairly representing him sometime in 2014, and knew that Defendant had stopped representing him at all by the end of 2014 at the latest. (*See* Pl.'s Reply Mot. Dismiss 1 (discussing a letter to the president of Local Union #570 dated June 10, 2014 "adamantly pleading with the President . . . to personally investigate the unjust wrongful discharge of [Plaintiff]" and noting that the Plaintiff "repeatedly asked for non-bias[ed] representation [throughout] the investigation."); Mot. Dismiss Ex. 1, Cedenio Aff. ¶ 7, ECF No. 6-2 (affidavit of Local Union #570 Secretary-Treasurer and member of Executive Board stating that Defendant notified Plaintiff by letter dated May 23, 2014 that Defendant "would not further process the discharge grievance.").) Plaintiff brought this action against the Defendant nearly three years later, on June 23, 2017.

### III. *Analysis*

First, the Court must determine the nature of Plaintiff's claim. Plaintiff does not cite to a specific statute, but does state that the basis for federal court jurisdiction is federal question jurisdiction, and explains that the substance of his federal statutory grievance is "not honoring [a] collective bargaining agreement [and] bias[ed] representation at grievance [and] . . . . Termination of employment." (Compl. II.A.) This characterization of the action, in addition to the facts alleged elsewhere in Plaintiff's Complaint, strongly suggests that the Plaintiff is

bringing a claim under the National Labor Relations Act, specifically a "'hybrid' § 301/fair representation claim." *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 165 (1983) (referring to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a)). In such an action, the employee has a claim against his employer for breach of a CBA, and a claim against his union for not fairly representing him in regard to his claim against his employer. *Id.* at 164-65. The employee may choose to sue only the union. *Id.* at 165. The Court construes Plaintiff's claim as a hybrid Section 301/fair representation claim.

The statute of limitations with regard to a hybrid claim has been well described in *Bruce v. Int'l Longshoremen's Ass'n*, 7 F. Supp. 2d 609, 614 (D. Md. 1998), *aff'd sub nom. Bruce v. Int'l Longshoremen's Ass'n, AFL-CIO*, 182 F.3d 907 (4th Cir. 1999):

> A six-month statute of limitations applies to "hybrid" claims under Section 301 . . . . For limitations purposes, a Section 301 claim accrues when the claimant discovers, or through the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. In the context of a grievance procedure, a union member's cause of action against the union may arise when the member's grievance is denied and the union takes an unequivocal position that it will not seek arbitration.

7 F. Supp. 2d at 614 (quotations and citations omitted).

Plaintiff does not dispute Defendant's characterization of the claim as a "hybrid" arising under Section 301. Neither does Plaintiff deny that in 2014 he knew of Defendant's actions that would give rise to a hybrid Section 301 claim. The only argument Plaintiff raises in opposition to the Defendant's contention that this action is barred by the statute of limitations is that he was unaware of the statute of limitations. Unfortunately for the Plaintiff, that is not a valid reason for tolling the statute of limitations. *See Dement v. Richmond, Fredericksburg & Potomac R. Co.*, 845 F.2d 451, 460 (4th Cir. 1988) ("The standard [for determining when an action accrued in a hybrid Section 301 case] is an objective one; namely, when the plaintiff knew, or should have

4

known through the exercise of due diligence, that his claim had accrued."); *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 987 (D. Md. 2002), *aff'd*, 92 F. App'x 933 (4th Cir. 2004) (quoting *Capital Dist. Physician's Health Plan v. O'Higgins*, 939 F. Supp. 992, 1000 (N.D.N.Y. 1996)) ("If plaintiffs remain unaware of their legal rights after notice of injury, the statute of limitations sets an absolute deadline for gaining awareness. A plaintiff must exercise reasonable diligence—defined by the limitations period—'in determining whether . . . particular acts or omissions causing injury are actionable in court.'"); *Fawley v. Warden*, Civ. No. AW-12-529, 2012 WL 1963348 *2 (D. Md. May 30, 2012) (discussing statute of limitations in 28 U.S.C. § 2244(d)) ("Petitioner's selfrepresented [sic] status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling.").

**IV.** *Conclusion*

Construing the facts as generously as possible in Plaintiff's favor, Plaintiff was aware of Defendant's intention to not continue its representation of Plaintiff by the end of 2014 at the latest. Plaintiff has brought this action two-and-a-half years later, well beyond the six month statute of limitations for this claim. Therefore, Defendant's motion will be granted by accompanying order.

DATED this 21st day of September, 2017

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge